IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: MARK SEED COMPANY<br><br>Debtor. | Case No. 14-02984-als<br><br>Chapter 11 |

*Date entered on docket: September 11, 2015*

**ORDER APPROVING MOTION FOR ORDER APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES [DOCKET 91]**

This matter having come before the Court upon the motion dated August 7, 2015, of the above captioned debtor and debtor-in possession (the **"Debtor"**), seeking approval of the Asset Purchase Agreement and authorizing the sale of substantially all of the business and assets of the Debtor as defined in said agreement (the **"Assets"**) outside the ordinary course of business free and clear of all liens, claims and encumbrances (the **"Sale Motion"**).

The Debtor has certified that notice of the Sale Hearing was provided by proper service; the Court having found that the service of the Sale Motion and the notice of the Sale Hearing is sufficient under the circumstances for the purposes of Bankruptcy Rules 2002 and 6004; that notice is not required under § 363(b)(2), and that no other or further notice is necessary; the Court having considered the presentations and proffers by counsel, the evidence submitted and testimony on the record at the Sale Hearing, and all objections of the Sale Motion, if any, and the Court being fully advised in the premises and having considered the relief sought in the Sale Motion and having found good cause to grant the relief requested thereby, and after due deliberations and good and sufficient cause existing:

1

**THIS COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.      This Court has jurisdiction over the Sale Motion and the transactions contemplated by the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2).  The statutory predicates for relief include 11 U.S.C. §§ 105(a) and 363, and Bankruptcy Rules 2002, 6004, and 9006.

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.

C.      The Debtor entered into the Asset Purchase Agreement with Winterquist Investments, L.L.C. (the **"APA"**).  The APA was attached as an exhibit to the Sale Motion.

D.      The Debtor has provided interested parties (including all parties asserting claims or interests in the Assets, if any) with proper notice of the Sale Motion and the Sale Hearing.

E.      The APA represents the highest and best offer for the Assets, and the purchase price for the Assets (the **"Purchase Price"**) is (i) fair and reasonable, (ii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative, and (iii) constitutes reasonably equivalent and fair market value under the Bankruptcy Code and applicable non-bankruptcy law.

F.      Approval of the relief requested by the Sale Motion and consummation of the sale of the Assets at this time are in the best interests of the Debtor, its creditors, other parties in interest, and of the bankruptcy estate. The Court finds that the Debtor has articulated good and

sufficient business justification for the sale of the Assets prior to filing a plan of reorganization pursuant to 11 U.S.C. § 363(b), including arm's length negotiation and "best price" after out-of-court marketing efforts.

G.    Neither the Buyer nor any of its affiliates is an "insider" of the Debtor, as that term is defined in 11 U.S.C. § 101.

H.    This Sale Order is a final order and enforceable upon entry.  To the extent necessary under Bankruptcy Rules 5003, 9006, 9014, 9021, and 9022, and due to the nature of the Debtor's business and the Assets being sold, there is no just reason for the delay in the implementation of this Sale Order, and therefore the fourteen-day stay imposed by Bankruptcy Rule 6004(h) shall not apply to the transactions contemplated by this Sale Order and Buyer will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in immediately closing the transactions contemplated by the terms of this Sale Order following entry of this Sale Order.  To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order.

I.    Accordingly, based on the Court's findings and conclusions,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Sale Motion is granted.

2.    All objections to the entry of this Sale Order or to the relief requested in the Sale Motion that have not been withdrawn, waived or settled at or before the Sale Hearing are denied and overruled on the merits.

3.    The sale of the Assets pursuant to the terms of this Sale Order and the APA is

hereby authorized and directed under 11 U.S.C. § 363(b). The APA and all ancillary documents and all of the terms and conditions thereof are hereby approved in their entirety except as otherwise noted herein. Pursuant to 11 U.S.C. §§ 105(a) and 363(b), the Debtor is authorized and directed to consummate the sale approved herein, including transferring and conveying the Assets to the Buyer pursuant to and in accordance with the terms and conditions of the APA and this Order.

4. The Assets conveyed to Buyer under the APA shall not include 20 bags of RR 10106 Monsanto Corn identified as part of the Debtor's Inventory on Schedule 2.1(h) of the APA, and such bags of Corn shall be destroyed by the Debtor.

5. Pursuant to 11 U.S.C. § 363(b), the Debtor is authorized, directed and empowered to consummate and implement fully the APA, together with all additional instruments and documents that may be necessary to implement the APA. The Debtor is authorized and directed to take all actions necessary for the purpose of assigning, transferring, granting, conveying, and conferring the Assets to Buyer.

6. The transfer of the Assets to Buyer on the Closing Date shall be free and clear of any and all liens, encumbrances, claims, charges, defenses, off-sets, recoupments and interests thereon and there against of whatever type or description, including, without limitation, restrictions on or conditions to transfer or assignment, liens, mortgages, security interests, pledges, hypothecations, control agreements, equities and other claims and interests (all such claims and interests described in this paragraph shall hereafter be referred to as the **"Claim"** or **"Claims"**), having arisen, existed or accrued prior to and through the Closing Date, whether direct or indirect, monetary or non-monetary, arising at law or in equity, contract or tort, absolute

or contingent, matured or unmatured, voluntary or involuntary, liquidated or unliquidated, of, by, or against Debtor, insiders of the Debtor, or the Assets.

7. The total net purchase price for the assets shall be paid in cash by the Buyer to the Debtor at closing, except that (i) $125,000 of the purchase price shall be set aside and held in escrow pending completion of environmental assessments on the Debtors real estate, and shall be used for any environmental remediation reasonably required to be completed, and (ii) 5% of the purchase price ($44,062.50) shall be set aside and held in escrow for payment of brokers fees pending an application to employ broker nunc pro tunc and any objections thereto, and shall be used for brokers in the amount allowed by the Court. Any brokers fees not allowed by the Court shall be remitted to the Debtor for distribution pursuant to the Debtor's pending Plan of Reorganization or amendments thereto.

8. The Debtor shall transfer the Assets to the Buyer upon Closing of the sale free and clear of all Claims pursuant to 11 U.S.C. §§ 105(a) and 363(f). All non-assumed Claims, if any, will attach to the proceeds of the sale, with the same validity, enforceability, priority, force and effect they now have as against the Assets, subject to any rights, claims, defenses and objections of the Debtor and all interested parties with respect to such Claims and Interests.

9. The proceeds from the net purchase price for the Assets shall be paid to the Debtor and shall be held by the Debtor pending eventual distribution of such proceeds and other funds of the Debtor's estate to creditors pursuant to the Debtor's pending Plan of Reorganization or amendments thereto.

10. This Court retains exclusive jurisdiction to (a) construe, enforce, and implement, the APA and any other agreements and instruments executed in connection with the APA,

(b) compel delivery of possession of the Assets to Buyer, (c) resolve any disputes, controversies or claims arising out of or relating to the Sale Order or APA, and (d) interpret, implement and enforce the provisions of this Sale Order.

11. The terms and provisions of the APA and this Sale Order will be binding in all respects upon, and will inure to the benefit of, the Debtor, its estate, the Buyer and its respective affiliates, successors and assigns, and their respective affiliates, successors and assigns, and any affected third parties. Nothing contained in any plan of reorganization (or liquidation) confirmed in these cases, any order of confirmation confirming any plan or reorganization (or liquidation), or any subsequent order in these cases shall conflict with or derogate from the provisions of this Sale Order and this Sale Order shall specifically remain in full force and effect upon any subsequent conversion or dismissal and shall in no way be modified, vacated or set aside as a result of any such conversion or dismissal.

12. Following entry of this Sale Order, the Debtor and the Buyer may make non-material amendments and modifications to the APA or remedy any defect or omission or reconcile any inconsistency therein, in such a manner as may be necessary to carry out the purpose and intent of the Sale, upon notice to be filed with the Bankruptcy Court.

13. Due to the nature of the Debtor's business and the Assets being sold, time is of the essence. Notwithstanding Fed. R. Bankr. P. 6004(h), this Sale Order will take effect immediately upon entry, and Debtor may immediately close the transactions contemplated by the terms of this Sale Order following entry of this Sale Order.

IT IS SO ORDERED.

Dated and Entered September XXXX 2015

                                               /s/ Anita L. Shodeen
                                               Anita L. Shodeen
                                               United States Bankruptcy Judge

Prepared by:

Bradley R. Kruse
BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: 515-242-2460
Facsimile: 515-323-8560
Email: kruse@brownwinick.com
ATTORNEYS FOR THE DEBTOR

Parties receiving this Order from the Clerk of Court:
Electronic Filers in this Chapter Case